UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ERZULIE JON QUILLE,
JOSETTE LABONTE,

     Plaintiff,

vs.

NBV PROPERTY MANAGEMENT, LLC
     Defendant.
_____/

## COMPLAINT

The Plaintiffs, ERZULIE JON QUILLE ("Plaintiff Quille" or Plaintiffs) and JOSETTE LABONTE ("Plaintiff Labonte"or Plaintiffs), by and through the undersigned counsel, hereby sue Defendant NBV PROPERTY MANAGEMENT, LLC (hereinafter "Defendant"), and in support avers as follows:

## INTRODUCTION

1. This is an action by the Plaintiffs for declaratory and injunctive relief and damages under 42 U.S.C. §1981 (Civil Rights Act of 1866) to redress injury done to Plaintiffs by the Defendant's discriminatory treatment on the basis of race.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's 42 U.S.C. §1981 claims pursuant to 28 U.S.C. §1331, §1343, and §1367. This action is authorized and instituted pursuant to 42 U.S.C. §1981 (Civil Rights Act of 1866).

3. The venue of this action is properly placed in the Southern District of Florida, Fort Lauderdale Division, pursuant to 28 U.S.C. §1391(b), because the events/employment practices hereafter alleged to be unlawful were committed in Broward County, within the jurisdiction of this Honorable Court.

## PARTIES

4. At all times relevant, Plaintiff Quille was employed by Defendant and the parties had a contractual relationship with each other.

5. At all times relevant, Plaintiff Labonte was employed by Defendant and the parties had a contractual relationship with each other.

6. Plaintiffs are residents of South Florida within the jurisdiction of this Honorable Court.

7. Plaintiff Quille is a Black female individual and is thus a member of a class of persons protected from discrimination in her employment under 42 U.S.C. §1981.

8. Plaintiff Labonte is a Black female individual and is thus a member of a class of persons protected from discrimination in her employment under 42 U.S.C. §1981.

9. Defendant is authorized to conduct business in the State of Florida, in Broward County, Florida, and within the jurisdiction of this Court.

## COUNT I. DISCRIMINATION BASED ON RACE IN VIOLATION OF 42 U.S.C. §1981 AGAINST DEFENDANT

10. Plaintiffs re-adopts each and every factual allegation as stated in paragraphs 1-9 of this complaint as if set out in full herein.

11. At all times material hereto Defendant was an "employer" within the meaning of Section 42 U.S.C. §1981.

12. At all times material hereto, Plaintiffs were an "employee" within the meaning of 42 U.S.C. §1981

13. Plaintiff Quille was employed by Defendant from April 2016 through March of 2020 as a housekeeper in Fort Lauderdale beach at a hotel ran by Defendant.

14. Plaintiff Labonte was employed by Defendant from 2011 through March of 2020 as a housekeeper in Fort Lauderdale beach at a hotel ran by Defendant.

15. At all relevant times, Plaintiffs were qualified for the position formerly held with the Defendant.

16. At all times material hereto, the Plaintiffs' job performance was satisfactory or above satisfactory.

17. Plaintiffs were treated less favorable from white housekeepers, such as Ana, though their supervisor Bill LNU.

18. Plaintiffs were asked to clean the dirty rooms while white housekeepers, such as Ana, had easier jobs to perform.

19. Plaintiffs heard their supervisor Bill make derogatory comments about black employee and both heard Bill say that Bill did not want to work with black people.

20. Plaintiffs claim that when Covid-19 affected the hotel white employees were allowed to continue working but black employees such as Plaintiffs were fired.

21. Plaintiffs were both fired in March of 2020 by Defendant. Defendant fired Plaintiffs in March of 2020 based on racial intent and allowed white employees to continue working for Defendant.

22. After the Covid-19 shut down, Plaintiffs claim that Defendant rehired white employees but would not allow Plaintiffs and other black employees to work for Defendant based on race.

23. Plaintiffs were fired based on race.

24. Plaintiffs were not rehired based on race.

25. Defendant's conduct complained of herein was willful and in disregard of Plaintiffs' protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

26. The frequency and severity of the discriminatory treatment created a hostile work environment for Plaintiffs because it interfered with plaintiffs' work performance in working in an unequal racially charged environment making daily duties difficult for plaintiffs.

27. The actions and language of the Defendant were so severe and pervasive as to alter the terms, conditions and/or privileges of Plaintiffs employment with the Defendant, and thereby creating a hostile work environment.

28. The actions of the Defendant were based upon the Plaintiffs race.

29. The Defendant subjected the Plaintiffs to race based animosity.

30. The Plaintiffs would have continued in employment with entitlement to wages and benefits but for the discriminatory conduct of the Defendant and/or would have been rehired or brought back to work for Defendant but for race.

31. As a result of the actions of the Defendant, as alleged herein, the Plaintiffs have been deprived of employment and have been exposed to ridicule and embarrassment and suffered emotional distress and damage.

32. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff were in a position that possessed the authority to affect the terms, conditions, and privileges of the Plaintiffs' employment with the Defendant.

33. The Plaintiffs, by being subjected to this hostile and offensive work environment created by the Defendant, was unreasonably affected in a term, condition, or privilege of employment under applicable law in that their psychological well-being was seriously affected when the work place became hostile.

34. The conduct of the Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiffs, deprived the Plaintiffs of statutory rights under federal law.

35. The actions of the Defendant and/or agents were willful, wanton, and intentional and with malice or reckless indifference to the Plaintiffs' statutorily protected rights, thus entitling Plaintiffs to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

36. Plaintiffs have suffered and will continue to suffer both irreparable injury and compensable damages as a result of the Defendant's discriminatory practices unless and until this Court grants relief.

37. Plaintiffs have retained undersigned counsel to prosecute this claim and are entitled to attorney's fees pursuant to 42 U.S.C. §1988, the Civil Rights Attorneys Fee Award Act.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiffs and against the Defendant on the basis of Defendant's willful violations of 42 U.S.C. §1981; and

B. Award Plaintiffs compensatory damages including front pay, back pay, and lost benefits, and punitive damages; and

C. Award Plaintiff as to this count prejudgment interest; and

D. Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

E. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages.

F. Plaintiff demands a trial by jury.

**JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: January 20, 2023      Respectfully submitted,

/s/ **Jason S. Remer**
Jason S. Remer, Esq.
Florida Bar No. 165580
jremer@rgpattorneys.com
**REMER, GEORGES-PIERRE & HOOGERWOERD, PLLC**
2745 Ponce De Leon Blvd.
Coral Gables, FL 33134

Telephone:  305-416-5000
Facsimile: 305-416-5000